BULLITT CIRCUIT COURT
DIVISION_____
CASE_____ *15CI-358*

JENNIFER ASIAGO                                                                    PLAINTIFF

v.                                    **COMPLAINT**

CHEGG, INC.
3990 Freedom Circle
Santa Clara, CA 95054                                                        DEFENDANTS

       Serve:   CT Corporation System
              306 West Main Street, Suite 512
              Frankfort, KY 40601

-and-

UNITED PARCEL SERVICE, INC.
55 Glenlake Parkway, N.E.
Atlanta, GA 30328

       Serve:   CSC – Lawyers Incorporating Service Company
              421 West Main Street
              Frankfort, KY 40601

-and-

UNKNOWN DEFENDANTS

               *   *   *   *   *

     Comes the Plaintiff, Jennifer Asiago, by and through counsel, and for her Complaint and causes of action against the Defendants, herein states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

     1.    At all times relevant herein, the Plaintiff resided in Radcliff, Hardin County, Kentucky.

     2.    Upon information and belief, Defendant Chegg, Inc. (hereinafter "Chegg"), is a California domiciled corporation lawfully conducting business in the Commonwealth of Kentucky with a home office address of 3990 Freedom Circle, Santa Clara, CA 95054. Its

registered agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

3.      Upon information and belief, Defendant United Parcel Service, Inc. (hereinafter "UPS") is a Georgia domiciled corporation lawfully conducting business in the Commonwealth of Kentucky with a home office address of 55 Glenlake Parkway, N.E., Atlanta, GA 30328.  Its registered agent for service of process is CSC – Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, KY 40601.

4.      Upon information and belief, Unknown Defendants are and were at all times relevant herein, Kentucky employees, Kentucky residents and employees of Chegg and/or UPS acting within the scope and ordinary course of their employment.

5.      The incident giving rise to this action occurred in Bullitt County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court.

6.      That on or about the morning of the 2nd day of January, 2015, Plaintiff was directed by an Unknown Defendant to work as a scanner while four loaders were working unloading a UPS truck which had backed into a Chegg loading dock.

7.      Upon information and belief, the Unknown Defendants were working within the scope and ordinary course of their employment with Chegg and/or UPS at all times relevant herein.

8.      Plaintiff, while performing her duties, was severely injured when she fell between the truck and the loading dock into a dangerous and hazardous opening between the truck and the loading dock.  This opening was a result of the negligence and gross negligence of the Defendants.

9.      Plaintiff, at the time of her injury, was using all due care for her own safety.

2

10.     That the negligence, carelessness, gross negligence, malice, and/or willful and wanton conduct of the Defendants were direct and proximate causes of the Plaintiff's injuries and resultant damages.

## CLAIMS AGAINST ALL DEFENDANTS

## NEGLIGENCE, GROSS NEGLIGENCE

11.     Plaintiff adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

12.     That the Defendants are jointly and severally liable to the Plaintiff for their negligence, carelessness, gross negligence, malice, and/or willful and wanton conduct.  Said conduct constituted a breach of duties to the Plaintiff, to whom each owed specific and general duties, and were direct and proximate causes of the Plaintiff's injuries and resultant damages.

## RESPONDEAT SUPERIOR AND VICARIOUS LIABIITY

13.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

14.     The negligence, negligence per se and/or wrongful acts of Defendants' employees are imputed to the Defendants.  The Defendants are vicariously liable for the actions of their employees.

15.     That the Defendants are jointly and severally liable for the damages to the Plaintiff caused by the conduct of their employees and agents under the doctrine of Respondeat Superior.

## FAILURE TO PROPERLY HIRE, TRAIN AND SUPERVISE

16.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

17.     That the Defendants, jointly and severally, did not properly screen, hire, train

3

and/or supervise their employees and that said failures were direct and proximate causes of the Plaintiff's injuries and resultant damages.

## **PUNITIVE DAMAGES**

18.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

19.     That the conduct of the Defendants herein, both jointly and severally, in engaging in the aforementioned conduct constituted a flagrant disregard for the rights, lives and safety of others, including the Plaintiff.  Said conduct constituted a flagrant indifference to the rights of the Plaintiff with a subjective awareness that such conduct would likely result in human death and/or bodily harm.

20.     That the conduct of the Defendants constituted a reckless disregard for the lives, safety and/or property of others, including the Plaintiff.

21.     That the conduct of each of the Defendants was reprehensible.

22.     That each of the Defendants should be punished for their misconduct in a manner that deters each of them from engaging in similar conduct in the future.

23.     That, pursuant to common law, KRS 411.184, and/or KRS 411.186, Plaintiff is entitled to punitive damages from each of the Defendants.

## **DAMAGES**

24.     That as a direct and proximate result of the aforementioned conduct of the Defendants, both jointly and severally, Plaintiff has suffered serious bodily injuries.  Plaintiff has sustained injuries and damages, including past and future medical expenses, past and future lost wages, permanent impairment of her power to labor and earn, past and future pain, suffering, mental anguish and inconvenience, disfigurement, and is now at an increased risk for future

injuries and damages, which will also cause further economic damages and mental anguish due to the fear associated with her increased risk of future harms. She has also sustained, and will continue to sustain, miscellaneous damages including, but not limited to, travel expenses and other miscellaneous expenses including, but not limited to, medical equipment, vocational rehabilitation, replacement services, and job training. The aforementioned damages are in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, by counsel, demands as follows:

1. That the Clerk of this Court issue Summons to Chegg, Inc. and direct a copy thereof, along with a copy of this Complaint, to be effectuated through their registered agent.

2. That the Clerk of this Court issue Summons to United Parcel Service, Inc. and direct a copy thereof, along with a copy of this Complaint, to be effectuated through their registered agent.

3. Judgment against Defendants, jointly and severally, in favor of Plaintiff Jennifer Asiago, in an amount in excess of the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

      (a)    Past and Future Medical Expenses;

      (b)    Past and Future Lost Wages;

      (c)    Permanent impairment; loss of ability to labor and earn income and money;

      (d)    Past and Future Pain, Suffering and Mental Anguish;

      (e)    Disfigurement;

      (f)    Vocational and Educational rehabilitation;

     (g)     Miscellaneous expenses and replacement services; and,

     (h)     Enhancement instruction for increased risk of future harm, injuries and damages.

4.     Punitive damages;

5.     Post-judgment interest;

6.     Attorney fees and court costs reasonably incurred or expended;

7.     Trial by jury; and,

8.     All just and proper relief to which Plaintiff may appear entitled, including the right to amend this Complaint.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

Sam Aguiar
Jonathan B. Hollan
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jhollan@kylawoffice.com
*Counsel for Plaintiff*

BULLITT CIRCUIT COURT
CASE NO. 15-CI-358

JENNIFER ASIAGO                                                    PLAINTIFF

v.

CHEGG, INC.,
UNITED PARCEL SERVICE, INC. and
UNKNOWN DEFENDANTS                                                 DEFENDANTS

* * * * * *

## DEFENDANT, UNITED PARCEL SERVICE, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, United Parcel Service, Inc., ("UPS"), by counsel, for its Answer to

Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

### ALLEGATIONS COMMON TO ALL COUNTS

1.      The averments contained in Paragraph 1 of Plaintiff's Complaint are not

directed towards UPS. Therefore, no response is required. To the extent a response is

required, UPS is without sufficient knowledge or information to form a belief as to the

truth of the averments contained in Paragraph 1 of Plaintiff's Complaint and therefore

denies the same.

2.      The averments contained in Paragraph 2 of Plaintiff's Complaint are not

directed towards UPS. Therefore, no response is required. To the extent a response is

required, UPS is without sufficient knowledge or information to form a belief as to the

truth of the averments contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.      UPS admits that it is a foreign corporation with its principal place of business in Georgia; that it is licensed to and does business in the Commonwealth of Kentucky; and that it has an agent for service of process in Kentucky. UPS denies the remaining averments contained in Paragraph 3 of Plaintiff's Complaint.

4.      The averments contained in Paragraph 4 of Plaintiff's Complaint are not directed towards UPS. Therefore, no response is required. To the extent a response is required, UPS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.      UPS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      UPS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      UPS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.      To the extent the averments contained in Paragraph 8 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without

2

sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.     UPS is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.     To the extent the averments contained in Paragraph 10 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

**CLAIMS AGAINST ALL DEFENDANTS**
**NEGLIGENCE, GROSS NEGLIGENCE**

11.     UPS incorporates, by reference, herein its responses to all prior averments contained in Plaintiff's Complaint.

12.     To the extent the averments contained in Paragraph 12 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

## RESPONDEAT SUPERIOR

13.     UPS incorporates, by reference, herein its responses to all prior averments contained in Plaintiff's Complaint.

14.     The averments contained in Paragraph 14 of Plaintiff's Complaint state a legal conclusion.   Therefore, no response is required. To the extent a response is required, and to the extent the averments contained in Paragraph 14 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15.     To the extent the averments contained in Paragraph 15 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

## FAILURE TO PROPERLY HIRE, TRAIN AND SUPERVISE

16.     UPS incorporates, by reference, herein its responses to all prior averments contained in Plaintiff's Complaint.

17.     To the extent the averments contained in Paragraph 17 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining

averments contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

## PUNITIVE DAMAGES

18.     UPS incorporates, by reference, herein its responses to all prior averments contained in Plaintiff's Complaint.

19.     To the extent the averments contained in Paragraph 19 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     To the extent the averments contained in Paragraph 20 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     To the extent the averments contained in Paragraph 21 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.     To the extent the averments contained in Paragraph 22 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without

sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     To the extent the averments contained in Paragraph 23 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

## DAMAGES

24.     To the extent the averments contained in Paragraph 24 of Plaintiff's Complaint are directed towards UPS, said averments are denied. UPS is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.     All averments not specifically addressed above are denied.

## SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The injuries and damages complained of and/or alleged in Plaintiff's Complaint, if any, are the direct and proximate result of the sole and/or contributory or comparative negligence of the Plaintiff.

### FOURTH DEFENSE

The injuries and damages complained of and/or alleged in Plaintiff's Complaint, if any, are the direct and proximate result of the sole and/or contributory or comparative negligence of other persons or entities over which UPS had no responsibility or control, including ones not presently parties to the action, or by preexisting conditions, or other entities, forces, and/or things, over which UPS had no control and for which UPS is not responsible.

### FIFTH DEFENSE

The injuries and damages complained of and/or alleged in Plaintiff's Complaint, if any, are the direct and proximate result of superseding and/or intervening causes over which UPS had no responsibility or control.

### SIXTH DEFENSE

To the extent there exists any person or entity other than those notified by Plaintiff who have paid any amounts to or for the benefit of Plaintiff on account of the events or injuries alleged in the Complaint, Plaintiff is precluded from recovering benefits that are subject to subrogation rights, and UPS reserves the right to introduce into evidence payments made to or for the benefit of Plaintiff on account of the alleged events or injuries giving rise to Plaintiff's Complaint.

7

### SEVENTH DEFENSE

The injuries and damages complained of and/or alleged in Plaintiff's Complaint,

if any, were avoidable consequences and/or Plaintiff failed to mitigate or reduce the

alleged injuries or damages, if any.

### EIGHTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the provisions of

Kentucky's Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised

Statutes.

### NINTH DEFENSE

UPS pleads as affirmative defenses those defenses identified in Kentucky Rules

of Civil Procedure 8.01 and 12.02 as if fully stated herein, the applicability of said

defenses to be determined during discovery.

### TENTH DEFENSE

The Plaintiff's Complaint is barred by the Kentucky Worker's Compensation Act

and the exclusive remedy provisions therein.   Specifically, UPS relies upon KRS

342.690(1) and KRS 342.610(2) as a full and complete bar to Plaintiff's Complaint.

### ELEVENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of

punitive damages under Kentucky law without proof of every element beyond a

reasonable doubt would violate UPS's due process rights under the Fourteenth

Amendment to the United States Constitution and under Section Two of the Kentucky

Constitution.   Alternatively, unless UPS's liability for punitive damages and the

8

appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate UPS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section Two of the Kentucky Constitution.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages against UPS cannot be sustained because any award for punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate UPS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section Two of the Kentucky Constitution.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages against UPS cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of UPS, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate UPS's due

process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution.

### FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages against UPS cannot be sustained, because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Kentucky law would violate UPS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

### FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages against UPS cannot be sustained, because an award of punitive damages under Kentucky law without the same protections that are afforded to criminal defendant, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate UPS's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution.

### SIXTEENTH DEFENSE

Any award of punitive damages based on anything other than UPS's conduct in connection the alleged incidents that are the subject of this lawsuit would violate the

10

due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and Sections 2 and 13 of the Kentucky Constitution, because any other judgment for punitive damages in this case cannot protect UPS against impermissible multiple punishment for the same wrong.

### SEVENTEENTH DEFENSE

UPS relies on KRS 411.184, as modified by Williams v. Wilson, 972 S.W.2d 260 (Ky. 1998), and State Farm v. Campbell, 538 U.S. 408 (2003), as a bar to Plaintiff's punitive damages claim.

### EIGHTEENTH DEFENSE

UPS denies that any of its agents, servants, or employees, by act or omission were oppressive, fraudulent, malicious or grossly negligent, but in the event that it be adjudged to the contrary, UPS specifically pleads that it has neither authorized nor ratified any such conduct nor should it have anticipated the conduct, if any, and UPS specifically pleads and relies upon such facts as a complete bar to Plaintiff's claims for punitive damages.

### NINETEENTH DEFENSE

UPS reserves the right to amend this Answer to assert additional or different defenses, including affirmative defenses as they may become known.

**WHEREFORE**, Defendant, United Parcel Service Inc., having fully answered, demands that Plaintiff's Complaint and all claims against it be dismissed with prejudice

11

at Plaintiff's cost, that it be awarded its costs herein expended, and that it receive all other relief to which it may appear reasonably entitled, including trial by jury.

Respectfully Submitted:

James T. Blaine Lewis
J. Tanner Watkins
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 581-8000
*Counsel for Defendant, United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 1½ day of May 2015 to the following:

Sam Aguiar
Jonathan B. Hollan
Sam Aguiar Injury Lawyers, PLLC
1201 Story Avenue, Suite 301
Louisville, KY 40206

Michael S. Maloney
Justin M. Schaefer
Schiller Osbourn Barnes & Maloney, PLLC
1600 One Riverfront Plaza
401 West Main Street
Louisville, KY 40202

*Counsel for Defendant, United Parcel Service, Inc.*