UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JENNIFER ASIAGO,                                                                    Plaintiff,

v.                                                              Civil Action No. 3:15-cv-438-DJH-DW

CHEGG, INC., et al.,                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Jennifer Asiago sued Chegg, Inc. and United Parcel Service, Inc., as well as unknown defendants employed by those companies, after she was injured in a workplace accident at Chegg's facility involving a UPS truck. (*See* Docket No. 1-1, PageID # 6-11)  UPS and Chegg have each filed a motion for summary judgment. (D.N. 61, 62)  UPS argues that Asiago has failed to state a valid claim against it, while Chegg maintains that it is immune from suit under Kentucky's workers' compensation law.  The Court agrees with both defendants and will therefore grant their motions.

I.      BACKGROUND

The facts underlying this case are straightforward and largely undisputed.  Asiago was employed by Staffing Solutions Southeast, Inc., a temporary services agency.  Staffing Solutions was a subcontractor of Remedy Intelligent Staffing, LLC, which contracted with Chegg to provide shipping and receiving services at Chegg's textbook-distribution center. (D.N. 61-1, PageID # 370-71; D.N. 64, PageID 547)  Asiago was assigned to work at Chegg, and while loading or unloading textbooks on January 2, 2015, she fell between a UPS truck and a loading dock and was injured. (D.N. 1-1, PageID # 7; D.N. 62-1, PageID # 489)  She sought and received workers' compensation benefits through Staffing Solutions. (D.N. 62-1, PageID # 489)

1

Asiago alleges that the "dangerous and hazardous opening between the truck and the loading dock" was the result of negligence on the defendants' part. (*Id.*) She asserts claims of negligence and gross negligence; respondeat superior; and failure to properly hire, train, and supervise. (*Id.*, PageID # 8-9) She also seeks punitive damages. (*Id.*, PageID # 9) The defendants have moved for dismissal of all claims. (D.N. 61, 62)

## II. ANALYSIS

### A. UPS

Although UPS captioned its motion as one for summary judgment, the motion attacks Asiago's complaint, not her evidence, and urges the Court to apply the *Twombly/Iqbal* standard used for motions to dismiss under Rule 12(b)(6). (*See* D.N. 61-1, PageID # 374-75) By way of explanation, UPS cites a Sixth Circuit case in which there was procedural ambiguity surrounding the motion under review: the parties referred to the motion as one for judgment on the pleadings, which was "technically unavailable because [one defendant] had not filed an answer and thus the pleadings were not closed"; the district court had treated it as a motion for summary judgment. *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 642 (6th Cir. 2002). Noting that the decision would be reviewed de novo either way, the Sixth Circuit applied Rule 56's summary judgment standard. *See id.*

As Chegg appears never to have answered the complaint, a motion for judgment on the pleadings is likewise unavailable here. However, the Court may consider an untimely 12(b)(6) motion (or premature motion for judgment on the pleadings) if the defense was raised in the defendant's answer. *Ortiz v. Holmes*, 157 F. Supp. 3d 692, 695 (N.D. Ohio 2016); *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 628 (W.D. Mich. 2015); *see* Fed. R. Civ. P. 12(h)(2) (defense of failure to state claim upon which relief can be granted may be raised in a pleading,

2

"by a motion under Rule 12(c)," or at trial). UPS asserted in its answer that Asiago's complaint "fails to state a claim upon which relief can be granted." (D.N. 1-1, PageID # 17) The Court will therefore view UPS's motion as an untimely motion to dismiss for failure to state a claim and proceed accordingly. *Cf. Ortiz*, 157 F. Supp. 3d at 695-96; *Gillespie*, 100 F. Supp. 3d at 627-28.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679.

Asiago's complaint fails to state a plausible claim for relief against UPS. The complaint alleges that on the date in question, Asiago was instructed "by an Unknown Defendant"—a UPS or Chegg employee—"to work as a scanner while four loaders were working unloading a UPS truck which had backed into a Chegg loading dock"; that while performing this task, Asiago "was severely injured when she fell . . . into a dangerous and hazardous opening between the truck and the loading dock"; and that the opening was caused by "the negligence and gross negligence of the Defendants." (D.N. 1-1, PageID # 7; *see* D.N. 63, PageID # 534) These allegations—the latter of which is a "mere conclusory statement[]" unsupported by facts—"do

3

not permit the [C]ourt to infer more than the mere possibility of misconduct" on the part of UPS. *Iqbal*, 556 U.S. at 678-79. The only indication that UPS might bear some fault for Asiago's injuries is the simple fact that it was a UPS truck she fell behind. Even if true, this single fact is not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The claims against UPS will therefore be dismissed.

**B.    Chegg**

Chegg asserts that it is immune from Asiago's claims because Asiago already received workers' compensation benefits through Staffing Solutions, Chegg's subcontractor. Under the Kentucky Workers' Compensation Act,

> [a] contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

Ky. Rev. Stat. § 342.610(2). For purposes of the statute, a contractor is "[a] person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." *Id.* Section 342.690 provides:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . . For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact[] secured the payment of compensation.

Ky. Rev. Stat. § 342.690(1). Read in combination with § 342.610, this "exclusive remedy" provision "immunizes a contractor from tort claims by its subcontractors' employees as well as by its own employees." *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 203 (Ky. 2009). Simply stated, if an employer could be liable for workers' compensation benefits, it is immune

from tort claims once those benefits have been paid—"[i]n other words, immunity follows liability." *Johnston v. Labor Ready, Inc.*, No. 2005-CA-001587-MR, 2007 Ky. App. Unpub. LEXIS 250, at *12 (Ky. Ct. App. Apr. 6, 2007), *aff'd*, 289 S.W.3d 200 (Ky. 2009). So-called "up the ladder" immunity applies through multiple levels of subcontractors. *See, e.g.*, *Sharp v. Ford Motor Co.*, 66 F. Supp. 2d 867, 869-70 (W.D. Ky. 1998) (finding contractor immune where plaintiff received workers' compensation benefits through his employer, a subcontractor of a subcontractor).

Asiago argues that Chegg is not entitled to immunity because she was a temporary worker hired for seasonal work.[1] (*See* D.N. 64, PageID # 547-53) She repeatedly notes that she was employed by Staffing Solutions, not Chegg, but she ignores §§ 342.610 and .690, merely offering a bald assertion that Chegg is not a contractor. (*See id.*, PageID # 549) She also points to the contract between Chegg and Remedy in an attempt to demonstrate that she was not subject to Chegg's control such that Chegg should be treated as her employer. (*See id.*, PageID # 548, 553-53) Asiago's attempt to avoid immunity is unsupported and unpersuasive.

Section 342.615, upon which Asiago primarily relies, defines a temporary worker as "a worker who is furnished to an entity to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions for a finite period of time." Ky. Rev. Stat. § 342.615(1)(e). The statute further provides that "[a] temporary help service shall be deemed the employer of a temporary worker and shall be subject to the provisions of this chapter." § 342.615(5). As Chegg points out in its reply, there is no dispute that Asiago was a temporary worker employed by Staffing Solutions. (*See* D.N. 65, PageID # 613) It is likewise undisputed that Chegg contracted with Remedy, which contracted with Staffing Solutions, for "work . . . of a

---

[1] Asiago devotes several paragraphs of her response to a discussion of the "status of discovery," which is not relevant to the instant motion. (D.N. 64, PageID # 544; *see id.*, PageID # 544-46)

5

kind which is a regular and recurrent part of the work of" Chegg's trade or business, namely the shipping and receiving of textbooks. Ky. Rev. Stat. § 342.610(2)(b). (*See* D.N. 64, PageID # 550; D.N. 65, PageID # 614) Asiago's temporary-worker status does not change the up-the-ladder analysis: as a contractor whose subcontractor secured payment of workers' compensation benefits, Chegg is immune from tort liability. *See* Ky. Rev. Stat. §§ 342.610(2), .690(1); *Labor Ready*, 289 S.W.2d at 203; *U.S. Fid. & Guar. Co. v. Tech. Minerals, Inc.*, 934 S.W.2d 266, 269 (Ky. 1996) (company that contracts with temporary services agency for temporary employees qualifies as contractor under KWA).[2] Its motion for summary judgment will therefore be granted.

### III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) United Parcel Service, Inc.'s Motion for Summary Judgment (D.N. 61), construed as a motion to dismiss for failure to state a claim, is **GRANTED**. Asiago's claims against UPS are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate United Parcel Service, Inc. as a defendant in this matter.

---

[2] Although *Technical Minerals* preceded the enactment of § 342.615 in 1996, "there is no language in the statute that overrules the [Kentucky] Supreme Court's holding in" that case. *Van Meter v. Weber Grp., Inc.*, No. 2011-CA-001350, 2013 Ky. App. Unpub. LEXIS 269, at *7 (Ky. Ct. App. Apr. 5, 2013); *see Labor Ready*, 289 S.W.2d at 201, 207 (discussing *Technical Minerals* and § 342.615 with no indication that the statute affected the court's holding); *see also, e.g.*, *Smith v. PPG Indus., Inc.*, No. 3:13-CV-01208-TBR, 2015 U.S. Dist. LEXIS 70334 (W.D. Ky. June 1, 2015) (finding contractor immune from tort claim asserted by employee of subcontractor temporary employment agency without discussion of § 342.615); *Lawler v. Sister Schubert's Homemade Rolls, Inc.*, No. 1:08-CV-126-R, 2008 U.S. Dist. LEXIS 95918 (W.D. Ky. Nov. 24, 2008) (applying *Technical Minerals* to find contractor immune). Asiago does not contend otherwise; indeed, she does not address *Technical Minerals*, § 342.610, or § 342.690 at all.

(2) Chegg, Inc.'s Motion for Summary Judgment (D.N. 63) is **GRANTED**. Asiago's claims against Chegg are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate Chegg, Inc. as a defendant in this matter.

(3) Chegg's remaining third-party claims against Remedy Intelligent Staffing Solutions, LLC are **DISMISSED** without prejudice. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-06 (6th Cir. 2008). The Clerk of Court is **DIRECTED** to terminate Remedy Intelligent Staffing Solutions, LLC as a third-party defendant in this matter.

(4) A separate judgment will be entered this date.